## IN THE UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **ERYK HOOD, Individually and** ) | |
| **on Behalf of All Those Similarly Situated,** ) | |
| ) | **Case No.:_____** |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **R & L CARRIERS SHARED SERVICES, LLC** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COLLECTIVE ACTION COMPLAINT
### (Jury Trial Demanded)

Plaintiff, Eryk Hood, individually and on behalf of all others similarly situated, brings this action to recover unpaid overtime premium pay, liquidated damages, and attorney's fees and costs, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations. Plaintiff, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

1

## NATURE OF THE ACTION

1.     R&L Carriers Shared Services, LLC (hereinafter "R&L Carriers" or "Defendant"), operates a multi-state freight shipping company. R&L Carriers ships globally, and maintains its headquarters in Wilmington, Ohio. R&L Carriers has a local office in Ellenwood, Georgia. During his employment with R&L Carriers, LLC, Plaintiff worked in the Ellenwood office.

2.     Plaintiff works for R&L Carriers as a forklift operator and truck unloader.

3.     Plaintiff would unload large volumes of cargo for Defendant on its premises, and use a forklift to transport the cargo from one location to another, on these same premises.

4.     Plaintiff never worked outside of Defendant's premises, and was never operating any vehicle in interstate commerce.

5.     Plaintiff was paid straight-time for 40 hours worked, and continues to be paid straight-time for all hours worked, despite working in excess of 40 hours per week throughout his employment.

6.     There is a large class of current and former employees of R&L Carriers who have suffered a similar unpaid overtime wage injury as Plaintiff, and have yet to

receive redress. The exact number of employees is unknown at this time, but the potential class is several hundred workers.

7.      Plaintiff brings this action on behalf of himself and all other similarly situated employees of Defendant, to recover unpaid overtime premium pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

8.       This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions leading to this claim occurred while Plaintiff performed work for R&L Carriers located at 2975 Ellenwood Rd, Ellenwood, Georgia 30294, which is in Clayton County.

10.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

11.   Plaintiff, Eryk Hood, was at all relevant times, an adult individual residing at 5259 Riverwalk Place, Atlanta, GA, 30349, which is in Fulton County.

**Defendant:**

12.   Defendant R&L Carriers is an active, foreign Ohio corporation. Its principal place of business is 600 Gilliam Road, Wilmington, OH, 45177, USA, which is in Clinton County. Defendant has a local place of business at 2975 Ellenwood Road, Ellenwood, Georgia 30294, which is in Clayton County.

13.   At all relevant times, Defendant has been an employer of Plaintiff.

14.   Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

15.   Additionally, upon information and belief, at all relevant times, Defendant has had employees working on goods that have been moved or produced for commerce, in that they receive and distribute cargo from all over the United States, within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

16.   At all relevant times, Defendant has been in the global shipping, distributing

4

and freight truck industry, providing customers with their shipping needs.

17.    Upon information and belief, the officers, managers, and directors of Defendant have set the unlawful payroll practices which are alleged in this complaint.

18.    Plaintiff Hood is currently employed by Defendant as a forklift operator and truck unloader. Mr. Hood's job duties involved operating powered industrial machines in order to unload materials and deliveries, and move them to and from railroad cars, trucks or storage facilities. In addition, Mr. Hood would receive and check in shipments, and unload freight shipments. Mr. Hood is employed at R&L Carriers, at 2975 Ellenwood Road, Ellenwood, Georgia 30294, from about January 11, 2017 to October 12, 2017 (39 weeks).

19.    Mr. Hood is paid $12.94 per hour, and works 50 hours per week.

20.    Plaintiff was paid straight-time for 40 hours worked, despite working well in excess of 40 hours per week.

21.    This failure to pay overtime wages to this hourly employee can only be considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## STATEMENT OF CLAIM

22.    Mr. Hood worked 50 hours per week, which includes 40 regular hours and 10

5

unpaid overtime hours. Mr. Hood is paid straight-time for 40 hours worked. His rate of pay is $12.94 per hour, so his "half-rate" is $6.47 per hour, for the purposes of computing overtime.[1] 10 overtime hours multiplied by $19.41 one-and-half-times-rate, equals $194.10 unpaid overtime per week. Mr. Hood has been so far employed for 39 weeks by Defendant. 39 weeks multiplied by $194.10 unpaid overtime per week, equals $7,569.90 in unpaid overtime wages. If the Court grants liquidated damages in this case, pursuant to 29 U.S. Code § 216(b), then the total damages are $7,569.90 plus $7,569.90, which equals $15,139.80.

23.    Therefore, Plaintiff Hood is owed a total of $15,139.80.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24.     Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiffs bring their First Cause of Action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendant, at any time since October 12, 2014, and through the entry of judgment in this case (the "Collective Action Period") who worked as fork lift operators, unloaders, receivers, haulers, on-site drivers, and all other similarly situated hourly employees (the "Collective Action Members").

---

[1] The half-rate is determined by dividing the regular rate of pay by 2.

25.    A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendant's illegal policy of failing to pay overtime premium pay for work performed in excess of 40 hours per week. As a result of this policy, Plaintiff and the Collective Action Members did not receive the legally-required overtime regular pay and premium payments for all hours worked in excess of 40 hours per week.

26.    There is a large class of similarly situated current and former employees of R&L Carriers who have suffered the same unpaid overtime wage injury, and have yet to receive redress. The exact number of employees is unknown at this time.

### FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

27.    Plaintiff, on behalf of himself and the Collective Action Members, and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

28.    As a result of Defendant's failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per

7

week, Defendant has violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq*., including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiffs and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. 216(b).

29.    Defendant has failed to pay overtime to these hourly employees, with no colorable argument as to why these workers are exempt. This constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

30.    The failure to pay overtime has caused Plaintiff to suffer lost wages and interest thereon. Plaintiff and Collective Action Members are entitled to recover from Defendant their unpaid overtime premium compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

Therefore, Plaintiffs respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendant violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime wages

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: October 12, 2017

Respectfully submitted,

**<u>s/ Brandon A. Thomas</u>**
**BRANDON A. THOMAS**
**GA BAR NO.: 742344**
The Law Offices of Brandon A. Thomas, PC
1800 Peachtree Street, N.W., Suite 300
Atlanta, GA 30309
Tel: (404) 343-2441
Fax: (404) 352-5636
brandon@brandonthomaslaw.com

9